UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Ferola, # 291941, | ) C/A No. 9:09-2435-RBH-BM |
| Plaintiff, | ) |
| v. | ) |
| Captain Thompson, TYRCI;<br>Captain Ferguson, TYRCI;<br>Captain Turner, TYRCI;<br>George Vanderhost, Sgt.;<br>Officer Campbell, TYRCI;<br>Lt. Alfrin, TYRCI; and<br>Jon Ozmint, Director, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

This action was originally filed by the Plaintiff, *pro se*, in the South Carolina Court of Common Pleas on August 5, 2009. The Defendants thereafter removed this action to federal court on September 16, 2009, asserting federal question jurisdiction on the grounds that Plaintiff's Complaint raised issues of federal law.

Plaintiff filed objections to the removal on September 28, 2009. In his objections, plaintiff states he filed his case in state court against two defendants for allegedly assaulting him "in violation of state law not federal law." Plaintiff also claims he is **not** raising an excessive force claim. Plaintiff specifically states in his objections that he is seeking redress under the South Carolina Tort Claims Act and asks this court to remand this matter to the Court of Common Pleas.



1

On September 30, 2009, the Defendants filed a response to Plaintiff's objections to the Defendant's notice of removal. Defendants note that the Plaintiff alleges in his objections to the removal that he is not asserting any federal claims. As a result, the Defendants state in their response to the Plaintiff's objection to removal that they would consent to a remand of this action to the Court of Common Pleas for Spartanburg County.

Therefore, with the consent of the parties, it is recommended[1] that this case be remanded to the South Carolina Court of Common Pleas for Spartanburg County for disposition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 8, 2009

Charleston, South Carolina

---

[1] There is conflicting caselaw on whether an Order or a Report and Recommendation is required on a motion to remand a case to State Court. Therefore, out of an abundance of caution, a Report and Recommendation has been entered.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



3